[Crim. No. 1521. Fifth Dist. Aug. 29, 1973.]

In re RICHARD FRIAS on Habeas Corpus.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, James T. McNally and Brian Taugher, Deputy Attorneys General, for Appellant.

Jay W. Powell, Public Defender, for Respondent.

## OPINION

### JOY, J.*—

FACTS

The People of the State of California have appealed from an order of the Superior Court of Tulare County granting the petition of respondent, Richard Frias, for writ of habeas corpus and ordering that respondent be released from the Tulare County jail where he had been placed on a parole hold.

On May 8, 1972, respondent was released on parole by the California Youth Authority.

On September 27, 1972, respondent was arrested for a violation of Penal Code section 211, robbery.

On November 11, 1972, a preliminary examination on the robbery charges was held and respondent was bound over to the superior court.

Respondent was arrested on December 5, 1972, for parole violation based upon his being bound over for arraignment in the superior court on the criminal charge.

On December 29, 1972, respondent filed a petition for writ of habeas corpus in Tulare County Superior Court. The court's order to show cause issued on the same day.

A hearing was held on respondent's petition.

Respondent's petition for a writ of habeas corpus was granted by the court.

Appellant filed a petition for stay of the superior court order, and the stay was granted by this court.

Appellant filed a timely notice of appeal.

Pursuant to a plea bargain, on April 9, 1973, the charge against respondent was reduced to a violation of Penal Code section 488, petty theft, and respondent pleaded guilty on condition that he would receive four months' probation with no time in custody.

On April 30, 1973, respondent moved to withdraw his guilty plea.

On May 2, 1973, the court ordered that respondent's guilty plea be withdrawn and a motion was made by the prosecution to dismiss the case

---

*Assigned by the Chairman of the Judicial Council.

for lack of evidence. The court dismissed the action and released respondent.

## ISSUE

Is respondent entitled to an in-community prerevocation of parole hearing in conformity with the procedures described in *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] on a charged parole violation based solely upon respondent's being held to answer after a preliminary examination in a criminal proceeding?

## DISCUSSION

Respondent was bound over to the superior court for trial for a violation of Penal Code section 211, robbery, after a preliminary examination. Respondent was then arrested for a parole violation based on the criminal offense for which he had been held to answer at the preliminary examination.

Respondent contends that he could not be arrested for violation of parole without first being afforded an in-community preliminary prerevocation of parole hearing. He relies on *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593].

In discussing the preliminary hearing to which respondent contends he is entitled, the court in *In re Edge* (1973) 33 Cal.App.3d 149, at page 157 [108 Cal.Rptr. 757], states: "A description of these preliminary proceedings is summarized in *People* v. *Vickers, supra,* 8 Cal.3d 451, at pages 456-457, as: '. . . an initial determination that there exists or does not exist grounds which may support revocation thus justifying a temporary detention pending formal revocation proceedings, . . .

" 'The court likened the initial proceedings to a preliminary hearing for the determination of "probable cause or reasonable ground" to believe that a parole violation has occurred, and stated that, "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." [Citation.] The determination need not be made by a judicial officer, but could be made by some qualified person such as a parole officer who was not directly involved in the case. The initial hearing need not be formal, but the parolee must be given notice of the time, place and purpose thereof, and of the alleged parole violations. At the hearing the parolee is entitled to appear and speak personally in his own behalf, and bring and present letters, documents and other persons who can give relevant information to

the hearing officer. Adverse witnesses are to be made available for questioning by the parolee except when the hearing officer determines that an informant would be subject to risk of harm if his identity were disclosed. The hearing officer must make a summary or digest of the proceedings and must determine if there exists probable cause to hold the parolee for revocation proceedings against him.' "

█ "To justify a magistrate in holding an accused person for trial upon a preliminary examination under section 872 of the Penal Code, it must appear from competent evidence adduced at the hearing that 'a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof.' " (*People* v. *Schuber* (1945) 71 Cal.App.2d 773, 775 [163 P.2d 498].) █ "Reasonable or probable cause to hold a defendant to answer means 'such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused.' [Citation.]" (*People* v. *Beasley* (1967) 250 Cal.App.2d 71, 77 [58 Cal.Rptr. 485].)

Certainly no lesser showing than that required by *Morrissey* v. *Brewer, supra,* at the initial hearing is sufficient to hold a defendant to answer after a preliminary examination.

In a criminal proceeding a defendant is given notice of a preliminary examination, a copy of the complaint setting forth the charges, he has the right to testify and to produce witnesses to testify in his behalf, to cross-examine all adverse witnesses, the right to confront witnesses, a transcript of the proceedings is made available to him, and the court must determine if there is probable cause to hold him to answer. The defendant has the right to bring and present in evidence at the preliminary examination any letters or documents which are relevant to the issues to be determined. This does not infringe on the right of the parolee under *Morrissey* to bring and present letters and documents. "*Morrissey* does not hold or suggest that if at the preliminary hearing probable cause is shown, the hearing officer may consider matters in mitigation. Such matters are for the revocation hearing." (*In re Scott* (1973) 32 Cal.App.3d 124, 128 [108 Cal.Rptr. 49].) All of the *Morrissey* preliminary hearing rights are accorded to a defendant at a preliminary examination in a criminal proceeding. In addition thereto, he has the right to counsel employed by him or appointed by the court.

█ The purpose of the preliminary hearing requirements is to assure that a parolee is not returned to prison to wait an extended period of time for an in-custody revocation proceeding without first having had a hearing to determine if there is probable cause to believe he is guilty of the viola-

tion charged. (*In re Edge, supra,* 33 Cal.App.3d 149.) This purpose is served when a preliminary examination in a criminal proceeding is afforded to an accused and he is held to answer by the court.

As stated in dictum in *In re Edge, supra,* at page 158, "a preliminary hearing in criminal proceedings meets all the requirements of *Morrissey.*" "It is implicit in the language and factual setting of *Morrissey* that the court is prescribing a preliminary hearing procedure only when the charges against the parolee are not based upon criminal charges which are being prosecuted under the criminal law. The high court did not intend to duplicate criminal procedures. As clearly explicated by Justice Douglas in his partial dissent exempting from the due process requirements parole revocation proceedings in which criminal proceedings have taken place: 'We except of course the commission of another offense which from the initial step to the end is governed by the normal rules of criminal procedure.' [Citation.]" (Fn. omitted.) (*In re Edge, supra,* at p. 158.)

We conclude that there is no reason for a *Morrissey* preliminary hearing where the parole violation charged is the commission of a crime for which the parolee has been held to answer after a preliminary examination in a criminal proceeding.

### Conclusion

The order of the superior court granting a writ of habeas corpus is reversed.

Gargano, Acting P. J., and Franson, J., concurred.