[Crim. No. 23205. Second Dist., Div. One. Oct. 31, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO L. DOMINGUEZ, Defendant and Appellant.

## COUNSEL

Gilbert T. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Ellen Birnbaum Kehr, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANSON, J.**—Defendant appeals from a revocation of probation order of February 2, 1973, in case No. A-268705.

### CONTENTION

Defendant contends that a due process requirement of timely and adequate notice for a hearing on revocation of probation was not met.

### BACKGROUND

The chronology of the pertinent cases and hearings is as follows:

On February 25, 1971, defendant was charged in case No. A-268705 with three counts of robbery (Pen. Code, § 211). Defendant pleaded not

guilty, waived jury, and by stipulation submitted the case to the trial court on the preliminary hearing transcript. The court found defendant guilty on count three. On April 24, 1972, the defendant was sentenced to state prison for the term prescribed by law, suspended, and placed on probation for five years upon the condition that he spend the first year in the county jail (credit given for one year already served), and other conditions, one of them being that he obey all laws, orders, rules and regulations of the probation department.

On September 7, 1972, while on formal probation in case No. A-268705, the defendant was charged in case No. A-287241 with violation of the Dangerous Weapons Control Law (Pen. Code, § 12020).

On December 20, 1972, defendant was found guilty, by jury, of this charge (possession of a billy club).[1] On January 10, 1973, the trial court suspended proceedings at the probation and sentencing hearing and placed defendant on probation for three years.

Defendant-appellant was further charged with a violation of section 459 of the Penal Code (burglary). That charge was dismissed at the probation revocation hearing of February 2, 1973.

The case at bench pertains to the violation of probation hearing in case No. A-268705 (robbery) held on February 2, 1973, before the same trial judge who presided over the jury trial in which defendant was convicted in case No. A-287241 (violation of Dangerous Weapons Control Law). The court revoked probation in case No. A-268705 and sentenced defendant to state prison for the term prescribed by law.

## THE LAW

In *Morrissey* v. *Brewer* (1972) 408 U.S. 471 at page 490 [33 L.Ed.2d 484 at page 499, 92 S.Ct. 2593], a parole violation case, the court said, *"[o]bviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime."* (Italics added.)

In *People* v. *Vickers,* 8 Cal.3d 451 at page 457 [105 Cal.Rptr. 305, 503 P.2d 1313], the court stated: "The minimum requirements of due process at the revocation hearing were stated in *Morrissey* to be: '(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of

---

[1]This court affirmed the conviction in that case, *People* v. *Dominguez,* (2d Crim. No. 23098) filed September 5, 1973, certified for nonpublication.

evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specially finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement of the factfinders as to the evidence relied on and reasons for revoking parole. . . .' "

*Vickers* further states on page 458 in regard to revocation of probation: *"Morrissey* is thus equally applicable in the case of a revocation of probation insofar as it assures that revocation can be had only with due process protections. However, *the precise nature of the proceedings for such revocation need not be identical if they assure equivalent due process safeguards."* (Italics added.)

Also, "where the conduct which constitutes a prima facie violation of parole is also independently charged as a new felony the procedures afforded through the holding of a preliminary hearing are inclusive of or may be made to conform to the procedures mandated in *Morrissey*" (*In re Law,* 10 Cal.3d 21, 27 [109 Cal.Rptr. 573, 513 P.2d 621]); that "the Supreme Court in *Morrissey* did not intend merely to contribute to a proliferation of hearings to cumber the machinery of the administration of justice," and that a preliminary hearing and a finding of guilt on a crime is sufficient notice that a suspension of parole would be considered for the offense the defendant was in custody for (*In re Scott,* 32 Cal.App.3d 124, 128 [108 Cal.Rptr. 49]); that "[w]hen a parolee is arrested and prosecuted on criminal charges, the criminal prosecution itself is adequate protection against the evils and dangers *Morrissey* was designed to protect against" (*In re Edge,* 33 Cal.App.3d 149, 158 [108 Cal.Rptr. 757]). (See also *In re Frias,* 34 Cal.App.3d 88, 92 [109 Cal.Rptr. 749].)

## DISCUSSION

In the case at bench, defendant and his attorney were present at the January 10, 1973, application for probation and sentencing hearing on case No. A-287241 (Dangerous Weapons Control Law) and at the February 2, 1973, revocation hearing on case No. A-268705 (robbery). The same public defender represented defendant at both hearings.

At the January 10, 1973, hearing on case No. A-287241 the court, in defendant's presence, set violation of probation in case No. A-268705 for hearing the next morning. The court told defendant, in the presence of counsel, that "[w]e will place this matter on the calendar for tomorrow

morning concerning the Court's consideration of the violation of probation under case No. A 268705."

Section 1203.2, subdivision (b), of the Penal Code states that: "Upon its own motion : . . the court may . . . revoke . . . the probation . . . pursuant to this subdivision. . . . The notice required by this subdivision may be given to the probationer upon his first court appearance in such proceeding." Penal Code, sections 1203.2, subdivision (a), 1203.2, subdivision (b), and 1203.2a are procedural legislative sections that do not require a trial court to announce the Penal Code sections before commencing the proceedings.

The hearing was continued to February 2, 1973, giving defendant more than 20 days' actual notice to prepare his case for the revocation of probation hearing.

At the revocation of probation hearing on February 2, 1973, defendant was quite vocal and aware of the nature of the proceeding. Defendant and his attorney pleaded leniency and at no time during the proceedings did either the defendant or his attorney seek a continuance, additional time for preparation, or ever raise the issue that defendant was not given notice of the revocation proceedings.

One of the conditions of probation in defendant's robbery conviction in case No. A-268705 was that he "obey all laws." The court in which defendant was found guilty, by jury, of violating the Dangerous Weapons Control Law (A-287241) was the same court that heard the revocation of probation hearing on February 2, 1973, and was aware of defendant's violation of probation. The court reviewed, in the presence of defendant, the reasons for revoking his probation in case No. A-268705.[2]

---

[2]"THE COURT: This matter is placed on the calendar by request of the Court in case No. 286922 for consideration of the judgment that the defendant has violated probation. The defendant was placed on probation in case No. A 268705 after having been found guilty of a violation of Section 211 of the Penal Code, robbery. The finding of guilt was on December 20th, 1971. On April 24th, 1972, the defendant was sentenced to the State Prison. This was suspended and he was placed on probation for a period of five years under terms that the defendant serve one year in the County Jail less the credit, which was one year. The defendant was then released.

"Among the terms of probation, in addition to the term of probation that the defendant spend one year in the Los Angeles County Jail, the defendant was ordered to cooperate with the probation officer in a plan for psychiatric treatment, support his dependents as directed by the probation officer, seek and maintain training, schooling or employment as approved by the probation officer, maintain a residence as approved by the probation officer, and that the defendant obey all laws, orders, rules and regulations of the Court and the Probation Department.

"Thereafter, in this court the defendant was found guilty of a violation of Section 12020 of the Penal Code in a jury trial. The defendant has been sentenced on that

## CONCLUSION

Defendant was not denied due process and had adequate actual notice. The defendant cannot relitigate the conviction of the felony in case No. A-287241 which was the basis for the revocation of probation in case No. A-268705. The prosecution of the felony in case No. A-287241 satisfied the due process requirements of the *Morrissey* and *Vickers* cases in a revocation hearing.

Order revoking probation in case No. A-268705 is affirmed.

Wood, P. J., and Lillie, J., concurred.

---

charge. Therefore, the defendant has violated that term of probation in which the defendant was ordered to obey all laws, rules, orders of the Court, and specifically the defendant violated the law of the State of California, having been convicted of a violation of Section 12020 of the California Penal Code.

"It is therefore found that the defendant is in violation of probation under case No. A 268705. Probation is revoked and the sentence of the defendant to the State Prison for the time prescribed by law is now in effect."