[Crim. No. 23560. Second Dist., Div. Four. Mar. 26, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT VERDAN GIFFORD, Defendant and Appellant.

## COUNSEL

John J. Schimmenti, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Gary Hynds, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—On August 28, 1969, defendant was found guilty of selling, furnishing and giving away marijuana, in violation of section 11531 (now § 11360) of the Health and Safety Code. Criminal proceedings were suspended and he was committed to the California Rehabilitation Center. In October of 1970, he was released from the center on out-patient status. On December 18, 1971, while on that out-patient status, he was arrested for burglary. He pled guilty to that offense and was sentenced to state prison. As a result of that conviction, he was returned from the Rehabilitation Center, criminal proceedings were resumed and he was

sentenced to state prison on the narcotic charge, with credit for time served, the sentence to run concurrently with the sentence in the burglary matter.[1]

Defendant has appealed, contending only that the proceedings after his return to court from the Rehabilitation Center did not conform to the requirements of *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]. We disagree.

The two-stage hearings required under *Morrissey* and *Vickers* are designed to insure that a person who has been granted conditional release from a penal institution shall not be deprived of that liberty without a hearing and that he shall not be detained pending such a hearing for an undue time without at least some preliminary inquiry into the grounds for his reincarceration.[2]

In the case at bench, any necessity for a preliminary inquiry was obviated. Defendant was in custody from September 1972 under the burglary conviction and sentence; there was no need for a separate inquiry preliminary to his final hearing—a hearing which the California law has required long before *Morrissey*. (*People* v. *Hannagan* (1967) 248 Cal.App.2d 107 [56 Cal.Rptr. 429].)

At the hearing after defendant's return to court from the Rehabilitation Center there was, in defendant's case, only one possible issue. Defendant's conviction and incarceration on the burglary charge rendered him ineligible for further commitment to the center, as a matter of law. (*People* v. *Ballin* (1967) 66 Cal.2d 80 [56 Cal.Rptr. 893, 424 P.2d 333].) The only issue defendant could have raised was his identity with the burglar-convict, and that was not, on the record before us, a matter in contest.

It is true that the record before us does not show the service on defendant of a formal notice of the purpose of the resumed criminal proceedings. But defendant was present, was represented by counsel and, by implication from his own comments, not only admitted the burglary conviction and his incarceration, but his understanding that he was about to receive a prison sentence on the narcotic charge. His sole concern was that he receive credit on the new sentence for his time at the Rehabilitation Center—credit which the judgment gave to him.

---

[1]We take judicial notice of the superior court file, in which defendant's involvement in the burglary case and the result of that case appear.

[2]We .do not deal, in the case at bench, with the application of *Morrissey-Vickers* to the return to the center of an out-patient, on grounds that he has not fulfilled the requirements of such a releasee.

No purpose would be served by remanding this case to the trial court, merely to advise defendant formally, in writing, of what he already knew at the time of the sentence now before us.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.