[Crim. No. 10899. First Dist., Div. Three. Nov. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
MARION A. CARR, Defendant and Appellant.

442

## COUNSEL

Patricia Roma, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald Granberg and April P. Kestell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—Defendant Marion A. Carr appeals from a judgment sentencing him to prison following an order revoking probation.

On September 14, 1967, appellant pleaded guilty in case No. 70344 to a violation of Penal Code section 487 (theft) and in case No. 70316 to a violation of Penal Code section 211 (robbery, second degree). He was sentenced in both cases to state prison for the term provided by law, execution of sentences was suspended and appellant was placed on probation for three years subject to a six-month confinement in county jail. The sentence in case No. 70344 was ordered to run concurrently with sentence imposed in case No. 70316.

On July 1, 1968, appellant was charged in case No. 72588 with two new offenses: Count I, violation of Penal Code section 459 (burglary) and count II, violation of Vehicle Code section 10851 (vehicle theft). After his plea of guilty, appellant was sentenced to state prison, execution of sentence was suspended subject to three years' probation with one year in county jail. Sentence on each count was ordered to run concurrently.

In December 1968, the district attorney moved to revoke probation in all three actions referred to above, 72588, 70344 and 70316, apparently because of disturbances in the county jail. Judge Neubarth indicated that he would act on case No. 70316 and "let the other two stand." The minutes of December 20, 1968, indicate that the matter in 72588 and 70344 was ordered "off calendar." Appellant was committed to the California Youth Authority on January 15, 1969, and remained there until paroled on September 23, 1970.

In June 1971, the district attorney moved to revoke probation in case No. 72588, the appellant having been arrested and charged with robbery, assault with a deadly weapon and resisting arrest. A hearing on revocation was held on June 23, 1971. Judgments revoking probation on both counts of No. 72588, burglary and vehicle theft, were entered on July 9, 1971, and sentences were ordered to be served concurrently.

■ We agree with appellant's contention that the court did not have jurisdiction on July 9, 1971 to revoke probation in case No. 72588, having lost jurisdiction by operation of Penal Code section 1203.2a upon failure to revoke probation in January 1969.

Section 1203.2a requires a court to revoke an earlier probation when a defendant is committed to prison for another offense. If the court does

not revoke probation under 1203.2a within the time limitations provided by statute, jurisdiction is lost. The section reads in relevant part as follows:

"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing, . . .

". . . . . . . . . . . . . . . . . .

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden, superintendent or duly authorized representative of any prison in this State of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. . . . If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after being notified of the confinement. . . .

". . . In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

The Attorney General advances three arguments against application of section 1203.2a. First, he argues that appellant should not be allowed to raise application of section 1203.2a on appeal because he did not do so at the hearing on the motion to revoke probation on June 23, 1971. At that hearing, the public defender was attorney of record. An attorney from that office appeared at the hearing but indicated that appellant did not want to be represented by him. Appellant indicated that he had no other counsel because he had not been permitted to make any phone calls from the county jail without court order. The matter of representation was not resolved. The public defender made no argument on appellant's behalf and appellant himself indicated his view that his term at the California Youth Authority had been the result of revocation of probation in case No. 72588. ■ Under these circumstances, the appellant may now advance not only that argument but the argument based on section 1203.2a. Although the latter is a new theory, it is one involving only a question of law, i.e., the applicability of a statute to conceded facts. (See *Neal* v. *State of California* (1960) 55 Cal.2d 11, 17 [9 Cal.

Rptr. 607, 357 P.2d 839].) If a question of law only is presented on the facts appearing in the record, the change in theory may be permitted by the reviewing court. (*Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 341 [303 P.2d 738].)

Second, respondent argues that since section 1203.2a only applies when a defendant is "committed to a prison in this State," it did not apply upon commitment to the California Youth Authority. The California Supreme Court has already held that limitation of the application of this section to defendants imprisoned within the state is unconstitutional because the classification is not reasonably related to any legitimate public purpose. (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137].) The court pointed out at page 223 that an out-of-state prisoner had the same interest as a California prisoner in the final disposition of an outstanding conviction and the interest of the state did not differ in the two situations. The same can be said of a classification which distinguishes between a defendant incarcerated in the California Youth Authority and in prison. Although, as respondent points out, there are many significant differences in being incarcerated in the California Youth Authority or in prison, none of these differences are related to the function of section 1203.2a. The benefit to the prisoner of section 1203.2a is the possibility of concurrent sentences and the benefit to the state is the convenience of an early closing of the files and disposition of the matter without producing defendants for unnecessary court appearances. Appellant here was sentenced to prison. He was later committed to the California Youth Authority in lieu of prison as permitted by Penal Code section 1203.2. We conclude that the language of section 1203.2a must be interpreted to apply to such a situation, mindful as we must be of the principle that a statute shall be construed, if possible, so as to render it constitutional. (*San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 942 [92 Cal.Rptr. 309, 479 P.2d 669].)

Third, respondent argues that section 1203.2a did not apply because the record does not contain facts from which it can be seen that proper notice of the fact of commitment was given. Section 1203.2a provides that "Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden, superintendent or duly authorized representative of any prison in this State of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed." Respondent points out that informal letters do not satisfy the requirement of certification of commitment nor does constructive notice. (See *People* v. *Davidson*

(1972) 25 Cal.App.3d 79, 84-85 [101 Cal.Rptr. 484].) We are not concerned here with adequate notice but with actual knowledge. It is clear that at the time of the hearing on December 20, 1968, the court had actual knowledge of the fact of probation in all three cases and the commitment on case No. 70316. The only fact of which he did not have knowledge was where the commitment would be. It was at that point and with actual knowledge of all three cases that the court decided to revoke in one and not act in the other two. Section 1203.2a does not permit him to do so. He must upon knowledge either issue commitment within the time limits of the statute or lose jurisdiction. Since there was no commitment within 30 days, jurisdiction was lost.

The judgment sentencing appellant to prison is, therefore, reversed.

Draper, P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.