[Crim. No. 24506. Second Dist., Div. Four. June 30, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE COMO, Defendant and Appellant.

## COUNSEL

Joseph Sack, under appointment by the Court of Appeal for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Kent L. Richland, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—The important issues on this appeal arise out of the application of Penal Code section 1203.2a, which governs the termination of probation for a person who has been committed to prison for a subsequent offense.[1]

---

[1] Penal Code section 1203.2a:

"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing, if such writing is signed in the presence of the warden or superintendent of the prison in which he is confined or the duly authorized representative of the warden or superintendent, and

At the request of defendant, and after notice to the Attorney General, we have made the entire Los Angeles Superior Court file in case A 172080 a part of the record on appeal. (Rule 12 (a), Cal. Rules of Court.)

On August 24, 1971, in case A 172080, defendant was sentenced to state prison for the term prescribed by law for the offense of robbery, second degree. Execution of the sentence was suspended and probation granted for five years, nonsupervised, on condition that defendant spend the first year in county jail.

In February 1973 in another district of the Los Angeles Superior Court defendant pleaded guilty to two charges of grand theft in cases A 287771

such warden or superintendent or his representative attests both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel.

"The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden, superintendent or duly authorized representative of any prison in this State of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he was released on probation in his absence and without the presence of counsel to represent him, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted and if the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense. In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

and A 289663; and on April 3, 1973, he was sentenced to state prison for those offenses. A report of the probation officer, dated April 11, 1973, reporting the sentences imposed on April 3, appears in superior court file number A 172080.[2]

On June 13, 1973, the superior court made a minute order in case A 172080 stating "Defendant is found to be in violation of probation. Probation is revoked. Bench Warrant ordered issued. No Bail." Neither defendant nor counsel was present.

On October 23, 1973, defendant was brought before the court, and the public defender was appointed to represent him. There was a colloquy in which defendant explained he had been in jail since October 5, 1972, and he requested credit on his sentence commencing with that date. Defendant also stated that he had been in prison on the theft convictions since April 3, 1973. The court agreed to give defendant credit commencing with the date of the bench warrant, in addition to credit for prejudgment confinement and for the time served as a condition of probation. The 1971 robbery sentence was thereupon ordered into execution with a credit of 627 days. Defendant is appealing from that order made October 23, 1973.

■ Penal Code section 1203.2a contains a procedure whereby the court is to be notified if a person on probation is confined in prison for a subsequent offense. The third paragraph of the section contains this language: "If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after being notified of the confinement."

Under the facts of this case the superior court did not lose jurisdiction.[3]

---

[2]This document, which is in letter form, contains no filing stamp or any other marking which would indicate the date when the paper was received or placed in the clerk's file.

[3]For the purpose of this decision we assume that the report dated April 11 reached the superior court more than 30 days prior to the October 23 hearing.

In view of our conclusion as to the ineffectiveness of the report we do not reach the question whether the ex parte order of revocation, made June 13, had the effect of preserving the court's jurisdiction under Penal Code section 1203.2a even though it did not satisfy the more recently established procedural requirements of *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]. (See *People* v. *Vickers* (1972) 8 Cal.3d 451, 460-461 [105 Cal.Rptr. 305, 503 P.2d 1313]; *People* v. *Ham* (1975) 44 Cal.App.3d 288, 293 [118 Cal.Rptr. 591]; *People* v. *Martinez* (1975) 46 Cal.App.3d 736, 741, fn. 2 [120 Cal.Rptr. 362].)

The document dated April 11 reported the sentence, but not the commitment or confinement. Execution of a sentence may be stayed or suspended, and a defendant may be released on bail.

Loss of jurisdiction over a convicted felon is a severe sanction which courts have been unwilling to apply unless the sentencing court's jurisdiction has been ousted by strict compliance with the statute. (See *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 871 [115 Cal.Rptr. 572]; *People* v. *Davidson* (1972) 25 Cal.App.3d 79, 84 [101 Cal.Rptr. 494]; *In re Brown* (1971) 19 Cal.App.3d 659, 666 [97 Cal.Rptr. 71].) Since the probation officer did not give the statutory notice of confinement, the sentence quoted above did not deprive the court of jurisdiction.[4]

The concluding sentence of the section also calls for passing comment. It says: "In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

The sanction in the concluding sentence applies if "the probation officer fails to report . . . as herein provided." The only provision which imposes a duty upon the probation officer to report is the second paragraph, which requires him to act within 30 days after having been notified by the defendant, his counsel or a prison representative. (See *People* v. *Ford* (1966) 239 Cal.App.2d 944, 946 [49 Cal.Rptr. 283].) The record does not show any such notice was given to the probation officer in the case at bench so that the concluding sentence of the section has no application here.

As will be explained hereafter, the statute, properly applied, protects defendant against prejudice by reason of the delay.

Contrary to defendant's contention, his October 23 hearing was in compliance with the principles established in *Morrissey* v. *Brewer,* 408

---

[4]An exception to the strict compliance rule is found in *People* v. *Carr* (1974) 43 Cal.App.3d 441 [117 Cal.Rptr. 714]. In that case the district attorney had made a motion to revoke probation in three cases. The trial court had declined to revoke in two cases, and had committed the defendant to the Youth Authority in the third. The Court of Appeal held that the act of the court in committing the defendant in the third case was "actual knowledge" which triggered the 30-day time limit, and that jurisdiction over the defendant in the other two cases was lost for failure to act within 30 days after the commitment in the third case.

The rationale of that case has no application here. There is no indication that any judge had "actual knowledge" of all of the critical facts prior to the October 23, 1973, hearing.

U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]. Although there was only one hearing, it met due process standards. (See *People* v. *Gifford* (1974) 38 Cal.App.3d 89 [113 Cal.Rptr. 112]; *People* v. *Buford,* 42 Cal.App.3d 975, 980 [117 Cal.Rptr. 333]; *People* v. *Baker* (1974) 38 Cal.App.3d 625, 629 [113 Cal.Rptr. 244]; *People* .v. *Dominguez* (1973) 35 Cal.App.3d 18 [112 Cal.Rptr. 98].) Defendant conceded that he had been sentenced to prison for a subsequent offense. Thus, there was no issue as to the ground for revocation of probation. The hearing was devoted to a discussion of the only issue which defendant desired to raise, that is, the amount of credit to which he was entitled for time previously spent in confinement.

There is nothing in the record to sustain defendant's contention that the attorney who was appointed to represent him at the October 23, 1973, hearing was inadequate in the constitutional sense.

■ Defendant renews here his contention that the sentencing court failed to give full credit for the time he had spent in custody prior to the order appealed from. This requires an examination of the concurrent sentencing provision of Penal Code section 1203.2a.

The concluding paragraph of that section (quoted in fn. 1, *ante*) provides that "the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense."

If this language applies, defendant's term in the robbery case should be deemed to have commenced when defendant entered prison on the theft case (Apr. 3, 1973, according to defendant's statement), inasmuch as it is clear the trial court had no intention of imposing consecutive terms.

The Attorney General argues that this statutory language applies only to a "commitment hereunder," i.e., a commitment of a person coming within section 1203.2a, and that defendant is not such a person. The argument is that neither the probation officer nor any other person had invoked section 1203.2a by the statutory report of defendant's commitment for the subsequent offense. Thus, the argument goes, defendant

was committed to prison in the robbery case pursuant to Penal Code section 1203 (the general probation revocation section) because of his conviction in the theft case, and not by reason of a commitment report under section 1203.2a.

We cannot accept this narrow interpretation of the concluding paragraph of section 1203.2a. The case law has consistently looked to the purposes of that section as a guide to its interpretation. (See *In re White* (1969) 1 Cal.3d 207, 211 [81 Cal.Rptr. 780, 460 P.2d 980]; *In re Perez* (1966) 65 Cal.2d 224, 228 [53 Cal.Rptr. 414, 418 P.2d 6]; *People v. Carr* (1974) 43 Cal.App.3d 441, 445 [117 Cal.Rptr. 714]; *In re Klein* (1961) 197 Cal.App.2d 58, 61 [17 Cal.Rptr. 71].)

*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137], involved a prisoner in a Nevada prison who was subject to a California detainer based upon his violation of a probation order of a California court. The Supreme Court there held that the prisoner was entitled to invoke the procedure set out in section 1203.2a even though the text of the section referred only to persons "committed to a prison in this State." That purported limitation was held to be a denial of the equal protection of the laws, because the purpose to be served was equally applicable to in-state and out-state prisoners.

In *People* v. *Carr, supra,* 43 Cal.App.3d 441, section 1203.2a was held applicable to a person committed to the California Youth Authority, even though the statute said "committed to a prison." The appellate court there declared (at p. 445): ". . . Although, as respondent points out, there are many significant differences in being incarcerated in the California Youth Authority or in prison, none of these differences are related to the function of section 1203.2a. The benefit to the prisoner of section 1203.2a is the possibility of concurrent sentences and the benefit to the state is the convenience of an early closing of the files and disposition of the matter without producing defendants for unnecessary court appearances. Appellant here was sentenced to prison. He was later committed to the California Youth Authority in lieu of prison as permitted by Penal Code section 1203.2. We conclude that the language of section 1203.2a must be interpreted to apply to such a situation, mindful as we must be of the principle that a statute shall be construed, if possible, so as to render it constitutional."

When a defendant on probation is committed to state prison for a subsequent offense, there are three kinds of occasions when the earlier case may be disposed of. They are:

(1) If the second conviction is in the court which granted probation, that court might revoke probation and order execution of the earlier sentence at the time it imposes sentence for the second offense. In such a situation, unless the court orders consecutive sentences, both terms will commence to run when the defendant is delivered to the custody of the Director of Corrections. (Pen. Code, §§ 669, 2900.)

(2) If, after the defendant has been imprisoned for the second offense, the probation officer reports the commitment to the court which granted probation, that court is required to act under section 1203.2a. If that court decides to commit the defendant to prison for the earlier offense, and does not order the sentences to run consecutively, section 1203.2a requires that the term for the earlier offense shall commence on the date on which defendant was delivered to prison for the second offense.

(3) If, after the defendant has been imprisoned for the second offense, the probation officer fails to report the commitment, but the court which granted probation learns of the imprisonment in another way, and revokes probation and commits the defendant to prison, the term for the earlier offense will have a later starting date than the term for the later offense, unless section 1203.2a applies.

One of the purposes of section 1203.2a is "to prevent a defendant from inadvertently being denied the benefit of Penal Code section 669 that sentences be concurrent unless the court exercises its discretion to order that a subsequent sentence be consecutive to a prior sentence." (*In re White, supra,* 1 Cal.3d at p. 211.) That purpose is quite as pertinent to a commitment in the third situation described above as it is to the first and second. Our conclusion is that the Legislature intended the language of section .1203.2a regarding the commencement of the term to be applicable whether or not the revocation proceeding was triggered by the statutory notice of commitment.

In our case the trial court did not order a consecutive sentence. The order of October 23, 1973, directed "Sentence heretofore imposed is ordered into execution." This is a concurrent sentence as a matter of law. (Pen. Code, § 669.)

To avoid misunderstanding, that order should recite that pursuant to section 1203.2a the term of imprisonment shall commence upon the date defendant was delivered to prison under his April 3 sentence. Defendant stated at the hearing that he went to prison on that day. For the purpose

of our decision here it is unnecessary that we know the exact day. We assume it was prior to June 13, which was the day from which the trial court allowed credit.

The 627-day credit which the trial court allowed was said to include all of defendant's prejudgment confinement, plus time served in jail as a condition of probation, plus 132 days additional credit for the period from June 13 to October 23, 1973. Since he is now receiving credit on his robbery term from the time he entered prison on the theft sentence, he is not entitled to double credit for the 132 days between June 13 and October 23. The 627-day credit must therefore be reduced to 495 days.

The order of October 23, 1973, is hereby modified to provide that defendant's term for the offense of robbery, second degree, in case A 172080 shall commence upon the date when defendant was delivered to prison for his subsequent offenses in cases A 287771 and A 289663; and that he is entitled to credit of 495 days for prior confinement.

As so modified, the order is affirmed.

Kingsley, J., and Dunn, J., concurred.