[No. D011604. Fourth Dist., Div. One. Sept. 6, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH MAURICE BETHEA, Defendant and Appellant.

[No. D012645. Fourth Dist., Div. One. Sept. 6, 1990.]

In re JOSEPH MAURICE BETHEA on Habeas Corpus.

918

**COUNSEL**

Marc B. Geller, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Esteban Hernandez, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—This case presents the court with a fact situation unique in our experience. For the reasons set forth below we reverse the sentence imposed on Joseph Maurice Bethea in absentia pursuant to Penal Code[1] sections 1203.2, subdivision (a) and 1203.2a, following formal revocation of probation, and remand this matter to the superior court with directions to vacate its order revoking probation and to conduct further proceedings in accordance with our opinion.

I

Bethea pleaded guilty to assault with a deadly weapon (§ 245, subd. (a)(1)) pursuant to a plea bargain in which the San Diego Superior Court

---

[1] All statutory references are to the Penal Code.

agreed to limit its discretion to either sentence him to nine months in county jail *or* to grant him summary probation with credit for one hundred forty-four days of presentence custody. After receiving the recommendation of the probation department, the court granted summary probation, the only significant conditions of which were that he remain law abiding during the three-year term of probation and pay a fine of $200, including penalty assessment, by October 1, 1988. When the court was notified Bethea had failed to pay the fine, it summarily revoked probation on January 25, 1989, issued a bench warrant and set bail in the amount of $1,000. The only grounds for this action was Bethea's failure to pay the $200 fine.

At the time Bethea was placed on probation on July 11, 1988, charges were pending against him in Nevada for a crime committed January 5, 1988. He was later convicted and imprisoned[2] on the Nevada charge for a term expiring December 7, 1989. While he was incarcerated, a detainer was placed with the Nevada authorities by California pursuant to the San Diego arrest warrant. It was in this manner Bethea learned his probation had been summarily revoked. On October 26, 1989, Bethea returned a form provided by the San Diego County District Attorney's office entitled "Request for Disposition of Probation, Waiver of Appearance and Right to Attorney." (§ 1203.2a.) On November 30, 1989, the court formally revoked probation and sentenced Bethea to three years in state prison.

The form returned by Bethea does not recite the provisions of section 1203.2a. In particular it does not notify Bethea that execution of this request is an attestation that "*he . . . wishes the court to impose sentence in the case in which he . . . was released on probation . . . .*" (*Ibid.*, italics added.)

Moreover, we have reviewed the superior court form provided Bethea and nowhere do we find a statement the "disposition" referred to in the form is statutorily limited to imposition of the previously suspended sentence. That portion of the San Diego form which Bethea circled only asked the court to "make disposition of my probation." Significantly, Bethea did not circle the separate paragraph which states "execute sentence at this time."

Accompanying Bethea's request for "disposition" was his letter to Deputy District Attorney John Hewicker II in which he states the letter was accompanying the request for disposition to inform the district attorney "there was not a probation violation. The case that I am now in prison for was pending when I was put on probation. There for [*sic*] I was not in violation of probation. . . . I would appreciate your clearing up this matter

---

[2] The dates of the Nevada conviction and imprisonment are not shown on this record.

as soon as possiable [*sic*]." In addition, these documents were accompanied by a printed form provided by the San Diego authorities in which the Nevada officials stated Bethea's expected date of release from incarceration was December 7, 1989, and the date of commission of the crime for which he was presently imprisoned was January 5, 1988. Of particular relevance is that this printed form submitted by the San Diego authorities states the date of the commission of the crime information requested was "of paramount importance since it *may be the basis of a court determination whether the defendant is in violation of probation* . . . ." It also contains a box (which Bethea checked) indicating his signed waiver, under section 1203.2a, was enclosed.

Therefore, the circumstances of this case are: The waiver form provided Bethea by the San Diego authorities did not expressly state its execution would be deemed solely as a request for the court to impose his previously suspended sentence. Instead, the form he signed states he wishes the court "to execute sentence, *or* make *disposition* of his probation as required by law in his absence . . . ." Concurrently, Bethea attached a letter emphatically stating he was not in violation of his probation, asking Deputy District Attorney Hewicker to "clear" up the matter as soon as possible. The accompanying form executed by the Nevada authorities confirmed that Bethea's conduct was indeed related to criminal activity predating his sentence in San Diego, and could not itself be a violation of his probation. The form did not alert Bethea to the fact his summary revocation was based solely on the failure to pay a fine. Moreover, the court was clearly advised that the defendant was to be released from his Nevada imprisonment by December 7 (as it turns out, only one week following the court's formal revocation), and is deemed to have judicial notice of the fact the violation in this case was only alleged to be failure to pay a $200 fine.

The practical effect of the court's formal revocation of probation in unreported proceedings is that Bethea was sentenced to serve three years in California state prison, only seven days of which would be concurrent with his unexpired Nevada term.

Bethea filed a notice of appeal and a petition for writ of habeas corpus raising the same issues. We have consolidated the matters and expedited the appeal. For the following reasons we reverse the sentence imposed, remand with directions, and dismiss the petition.

## II

■ Section 1203.2, subdivision (a) provides probation cannot be revoked for failure of a person to make restitution as a condition of probation

unless it is determined the defendant had the ability to pay and willfully failed to do so. While we find no express statute requiring a similar showing where monetary sanctions are a condition of probation, we believe due process requires probation not be revoked solely due to failure to pay monetary sanctions imposed as an order of probation absent findings of the defendant's ability to pay and willful failure.     No such findings are in this record, and we presume no evidentiary showing was made in that regard. Further, for the following reasons, we conclude Bethea did not waive his right to such determination.

The underlying purpose of section 1203.2a is to permit persons who have been committed to prison for offenses committed *after* being placed on probation to ask the court to exercise discretion in determining whether to order the suspended sentence to run concurrently with the current one. (*People* v. *Ruster* (1974) 40 Cal.App.3d 865 [115 Cal.Rptr. 572]; *People* v. *Como* (1975) 49 Cal.App.3d 604 [123 Cal.Rptr. 86].) That is, it is to prevent inadvertent consecutive sentences which would deprive the probationer of his right to apply for concurrent sentencing. (*People* v. *Davidson* (1972) 25 Cal.App.3d 79 [101 Cal.Rptr. 494].) Thus, when a trial court receives an executed form from a person who has been incarcerated for a crime committed while on probation, waiving appearance and right to legal representation, and requesting "disposition" under section 1203.2a, it can routinely be accepted as proof of a defendant's willingness to have probation terminated and sentence imposed immediately in the hope the court will exercise its discretion to impose the terms concurrently. It was our experience, and we assume the trial court's experience generally, that such requests are granted without hearings to determine whether in fact the persons are in violation of probation. This is not illogical since, as the above-cited cases and experience show, these requests routinely are from defendants incarcerated for criminal activities committed while on probation from an earlier offense.     Bethea's request, however, was not to have sentence imposed without a hearing, but, as reflected in his letter to the district attorney, to have the court *dispose of his probationary status by finding he was not in violation.*[3] The record substantiates Bethea's contention he did not intend to waive counsel and appearance at a revocation hearing for the purpose of having sentence imposed.

So much of the judgment as imposes sentence is reversed. The superior court is directed to vacate its order formally revoking probation and conduct such hearings it deems necessary to determine whether it wishes to release Bethea from probation, reinstate probation, or modify probation on

---

[3] Whether the People specifically called the court's attention to Bethea's accompanying letter and the significance of the dates provided by the Nevada authorities is not shown on this record.

appropriate terms, or again formally revoke that status and impose sentence. Any hearings shall be conducted within 30 days after our decision becomes final, upon notice giving Bethea the opportunity to appear with counsel.

In the interest of justice we herewith vest the superior court with jurisdiction to conduct a prompt bail hearing before our decision becomes final.

The petition for writ of habeas corpus is dismissed.

Wiener, Acting P. J., and Froehlich, J., concurred.