Filed 3/3/14  P. v. Mitchell CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JADON MITCHELL, Defendant and Appellant. | B244990 (Los Angeles County Super. Ct. No. NA078788) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Judith Meyer, Judge.  Affirmed.

Boyce & Schaefer, Laura G. Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

On appeal, defendant and appellant Jadon Mitchell (defendant) contends that the sentencing order and abstract of judgment in a case in which he pleaded nolo contendere to committing grand theft of an automobile should be amended to state that his term of imprisonment in that case commenced on the date he was "delivered to the prison" in a subsequent case in which he was sentenced for committing second degree robbery (§ 212.5, subd. (c)). We affirm the order.

## PROCEDURAL BACKGROUND

Defendant pleaded nolo contendere to grand theft of an automobile (§ 487, subd. (d)(1)) in Los Angeles County Superior Court case number NA078788 ("the grand theft auto case"). The trial court suspended imposition of sentence; defendant was placed on three years of formal probation with several terms and conditions, including serving 21 days in county jail.

Thereafter, defendant was subsequently charged with three counts of second degree robbery (§ 212.5, subd. (c)) in Orange County Superior Court case number 08CF3238 ("the robbery case"). The trial court in the grand theft auto case revoked defendant's probation and issued a bench warrant for defendant's arrest. Then, in the robbery case, defendant was sentenced to five years in state prison.

Defendant filed, in propria persona, in the grand theft auto case, a request for disposition of probation pursuant to section 1203.2a.,[1] and a motion for imposition of

---

[1] Section 1203.2a, provided in part, "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing . . . . [¶] . . . [¶] . . . If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its

sentence in absence of defendant under section 1203.2a, stating that he was serving a five-year sentence in state prison the robbery case and requesting that his probation be revoked in the grand theft auto case.

On February 29, 2012, the trial court held a hearing at which defendant was not present or represented by counsel. At the hearing, the trial court revoked defendant's probation in the grand theft auto case, sentenced defendant to the upper term of three years, awarded defendant 21 days of custody credits, and stated that defendant's sentence was "concurrent with his other case to be served in any penal institution." The minute order of the hearing states that defendant's sentence was "to run concurrently with any other [case]." The abstract of judgment similarly provides, "SENTENCE TO RUN CONCURRENTLY WITH ANY OTHER CASE."

On October 4, 2012, defendant filed, in propria persona, in the grand theft auto case a motion pursuant to section 1237.1,[2] to correct presentence credits arguing that because his sentence in the grand theft auto case was ordered by the trial court to be concurrent with his sentence in the robbery case, he was entitled to presentence credits for being in custody for the robbery case, referring to section 1203.2a and *People v. Como* (1975) 49 Cal.App.3d 604. On that same date, the trial court denied the motion to correct presentence credits.

_____

commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. . . . [¶] Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law."

[2]    Section 1237.1, stated, "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

3

On November 7, 2012, defendant filed a notice of appeal stating that it is "[f]rom the judgment of this court entered" on "10/4/12, "—the date the trial court denied defendant's motion to correct presentence credits —and "[t]his appeal is based on the sentence of other matters occurring after the plea."

**DISCUSSION**

The Attorney General contends that defendant's appeal is untimely because he should have appealed from the original sentence imposed on February 29, 2012. We disagree.

The denial of defendant's motion to correct presentence credits affects his substantial rights. (*People v. Hyde* (1975) 49 Cal.App.3d 97, 103 ["The propriety of an order denying [a motion for credit for presentence jail time] is obviously an order which affects the substantial rights of the [defendant]]"].) It therefore is an appealable under section 1237, which provides, "An appeal may be taken by the defendant . . . (b) From any order made after judgment, affecting the substantial rights of the party."

Defendant contends that pursuant to section 1203.2a and *People v. Como*, *supra*, 49 Cal.App.3d 604, the February 29, 2012, sentencing order and the abstract of judgment in the grand theft auto case should be amended to state that his term of imprisonment in that case commenced on the date he was "delivered to the prison" in the robbery case. Modification of the sentencing order and the abstract of judgment are unnecessary.

"[Section] 1203.2a provides a method by which a probationer who has been imprisoned for another offense can obtain a disposition of the offense for which he or she was granted probation. [Citation.] "The underlying purpose of section 1203.2a is to permit persons who have been committed to prison for offenses committed being placed on probation to ask the court to exercise discretion in determining whether to order the suspended sentence to run concurrently with the current one. [Citations.] That is, it is to prevent inadvertent consecutive sentences which would deprive the probationer of his right to apply for concurrent sentencing. [Citation.]" (*People v. Bethea* (1990) 223 Cal.App.3d 917, 922.) Unless the trial court orders consecutive sentences, the term of the

4

offense for which probation was granted and revoked commences "upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense." (§ 1203.2a.)

The February 29, 2012, sentencing order states that defendant's sentence was "to run concurrently with any other [case]," and the abstract of judgment similarly provides, "SENTENCE TO RUN CONCURRENTLY WITH ANY OTHER CASE." That is, the term of the offense in the grand theft auto case commences "upon the date upon which defendant was delivered to prison under commitment" in the robbery case. (§ 1203.2a.)

Defendant's reliance on *People v. Como*, *supra*, 49 Cal.App.3d 604 is misplaced. In that case, Como, the defendant, was sentenced to state prison on a robbery conviction, and execution of the sentence was suspended and probation granted ("Como's robbery case"). (*Id*. at p. 607.) In two subsequent cases, Como pleaded guilty to two charges of grand theft and was sentenced to state prison for those offenses ("Como's grand theft cases"). (*Id*. at pp. 607-608.) The trial court in Como's robbery case revoked probation and issued a bench warrant for Como's arrest. When Como appeared before the trial court in his robbery case, he explained that he had been in jail based on his grand theft cases, and requested credit on his sentence in his robbery case commencing with the first date of his incarceration in his grand theft cases. The trial court in Como's robbery case gave Como credit on his sentence and ordered the sentence into execution. (*Id*. at p. 608.) Como contended that the trial court failed to give full credit for the time he had spent in custody. (*Id*. at p. 610.)

In affirming a modified order sentencing Como, the court held that section 1203.2a applied to Como's sentence, and stated, "In our case the trial court did not order a consecutive sentence. The order . . . directed 'Sentence heretofore imposed is ordered into execution.' This is a concurrent sentence as a matter of law. (Pen. Code, § 669.) [¶] To avoid misunderstanding [therefore], that order should recite that pursuant to section 1203.2a the term of imprisonment shall commence upon the date [Como] was delivered to prison under [Como's grand theft cases] sentence." (*People v. Como*, *supra*, 49 Cal.App.3d at p. 612.)

5

Here the sentencing order and abstract of judgment do not create the misunderstanding that was present in *People v. Como*, *supra*, 49 Cal.App.3d 604. The trial court expressly ordered that defendant's grand theft auto sentence be served "concurrently with" his sentence in the robbery case. The February 29, 2012, sentencing order, and the abstract of judgment, accurately reflect the sentence imposed by the trial court in the grand theft auto case. Accordingly, defendant's term of imprisonment in the grand theft auto case commences upon the date on which he was delivered to prison under commitment in the robbery case. Defendant's proposed modification therefore is unnecessary to clarify the trial court's sentencing order and the abstract of judgment.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


TURNER, P. J.


KRIEGLER, J.

6