Filed 5/2/16  P. v. Mancillas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOISES MANCILLAS,<br><br>    Defendant and Appellant. | H041522<br>(Monterey County<br>Super. Ct. Nos. SS120735A,<br>SS120011A) |

## I.  INTRODUCTION

Defendant Moises Mancillas pleaded no contest to possession of a stolen vehicle (Pen. Code, § 496d, subd. (a))[1] and was placed on probation.  Defendant was found in violation of probation after he pleaded no contest to evading an officer (Veh. Code, § 2800.2, subd. (a)) in a new case.  Pursuant to a negotiated agreement pertaining to both cases, the trial court imposed concurrent three-year prison terms but suspended execution of that sentence and placed defendant on probation again.

While on probation in the two California cases, defendant was convicted of new offenses in Nevada.  Upon learning that defendant was serving a prison sentence in Nevada, the probation officer filed a request, under section 1203.2a, for an order

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

executing the previously-imposed concurrent three-year prison terms. Through counsel, defendant indicated he wanted the trial court to order his California prison terms to run concurrently with his Nevada prison sentence. The trial court instead ordered defendant's California prison terms to run consecutively to his Nevada prison sentence.

On appeal, defendant contends he had a statutory and constitutional right to be present when the trial court ordered execution of his previously-imposed sentence. Finding that defendant validly waived his right to be present through counsel and that any error was harmless, we will affirm the judgment.[2]

## II. BACKGROUND

### A. *Case No. SS120011A*

On January 4, 2012, the District Attorney filed a complaint in case No. SS120011A, charging defendant with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 1) and possession of burglar's tools (§ 466; count 2). On January 31, 2012, the District Attorney orally amended the complaint to include a charge of possession of a stolen vehicle (§ 496d, subd. (a); count 3), and defendant pleaded no contest to that charge.

On February 28, 2012, the trial court suspended imposition of sentence and placed defendant on probation for three years. Defendant's probation conditions included a requirement that he obey all laws and a requirement that he "[n]ot remain in any vehicle" that he knew to be stolen or to contain any firearms or illegal weapon.

On April 24, 2012, the probation officer filed a probation violation petition. The petition alleged defendant had been arrested for three felonies and had "[r]emained in a vehicle or drove a vehicle that was suspected stolen."

---

[2] Defendant's appellate counsel has filed a petition for writ of habeas corpus, which this court ordered considered with the appeal. We have disposed of the habeas petition by separate order filed this day.

### B. Case No. SS120735A

On April 24, 2012, the District Attorney filed a complaint in case No. SS120735A, charging defendant with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 1) with a prior conviction of buying or receiving a stolen vehicle (§ 666.5, subd. (a)), and misdemeanor evading an officer (Veh. Code, § 2800.2, subd. (a); count 2).

On June 1, 2012, the District Attorney amended the complaint to allege felony evading in count 2, and defendant pleaded no contest to that count. The negotiated disposition provided that defendant would be sentenced to a three-year prison term but that execution of sentence would be suspended and defendant would be placed on probation. Before defendant entered his plea, the trial court warned him, "This Court views execution of sentence suspended very differently than felony probation. What that means is any willful violation of probation no matter how small . . . the Court will send you to prison for a willful violation of probation."

At the same hearing, the trial court found defendant in violation of probation in case No. SS120011A based on his plea in case No. SS120735A.

### C. Sentencing

On July 18, 2012, pursuant to the negotiated agreement, the trial court imposed concurrent three-year prison terms in defendant's two cases, suspended execution of that sentence, and placed defendant on probation.

### D. Probation Violations

On January 7, 2013, the probation officer filed a notice of probation violation in each case, alleging that defendant had failed to report and had failed to comply with a probation condition requiring him to attend a drug treatment program. On January 22, 2013, the trial court summarily revoked defendant's probation in each case and issued a bench warrant for defendant's arrest.

3

### E. Section 1203.2a Proceedings

On July 23, 2014, the probation officer filed a request for sentencing in each case pursuant to section 1203.2a. On July 2, 2014, the probation officer had "received email correspondence from [defendant's trial counsel], requesting that the defendant be sentenced pursuant to Section 1203.2a PC, as he is serving a sentence in the Northern Nevada Correctional Center." According to Nevada court records, defendant had been convicted of eluding police and grand larceny on August 6, 2013. Defendant's projected release date from the Nevada correctional facility was September 4, 2015.

At a hearing on July 24, 2014, defendant's trial counsel appeared and confirmed that defendant was in a Nevada prison. Defendant had sent his trial counsel a form used in Nevada, indicating he wanted his California sentence to run concurrently with his Nevada sentence.

The prosecutor argued that given defendant's "failure to appear in this case" and the "significant period of time between the crimes," defendant's California sentence should run consecutively to his Nevada sentence.

The trial court asked defendant's trial counsel whether defendant was requesting "to be sentenced, regardless of whether it was concurrent or consec[utive]." Defendant's trial counsel confirmed, "That is accurate," and he offered to show the court the form defendant had sent him.

The trial court expressed uncertainty about whether a consecutive term would "be capped by the general rule of one-third the midterm" or whether defendant's California sentence could be a full-term consecutive sentence. The trial court continued the hearing so defendant's trial counsel could look into that issue and also so defendant's trial counsel could clarify whether defendant was in fact unconditionally requesting execution of his previously-imposed sentence.

At a hearing held on August 21, 2014, the parties agreed that the trial court could order execution of defendant's sentence without defendant present, even if it did not

order the concurrent term he requested. The trial court indicated it believed a consecutive term was appropriate, since the two California cases had already been run concurrently to each other. The trial court continued the matter once again in order to determine the correct manner of calculating defendant's custody credits.

On August 26, 2014, defendant's trial counsel asked the trial court to order defendant's California sentence concurrently to his Nevada sentence. Defendant's trial counsel argued that defendant should remain in Nevada, where he had family, following his release from custody, in order to give him "the best chance of remaining law-abiding and starting over a new life."

The trial court ordered execution of defendant's previously-imposed concurrent three-year prison terms, ordering those terms to run consecutively to the term defendant was serving in Nevada. The probation officer asked if defendant was admitting to the probation violation petitions. The trial court responded, "It's on for ESS. He requested to be sentenced on them. So I don't know that he needs to then admit. He's requesting sentencing." Defendant's trial counsel agreed: "Under [section] 1203.2(a) [*sic*], I don't think the Court needs an admission."

### III.   DISCUSSION

Defendant contends he had a statutory and constitutional right to appear in person at the August 26, 2014 hearing, at which the trial court ordered execution of his previously-imposed sentence.

#### A.   *Section 1203.2a*

Section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through

5

his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"*Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed.* If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in

6

the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case." (Italics added.)

Section 1203.2a was enacted to provide for mandatory revocation of probation and imposition of sentence when a person previously released on probation is committed to prison for another offense. (*In re Hoddinott* (1996) 12 Cal.4th 992, 998.) " 'The purpose of section 1203.2a is to prevent inadvertent consecutive sentences which would deprive defendant of the benefit of section 669, providing that sentence shall be concurrent unless the court expressly orders otherwise. [Citations.]' [Citation.] . . . [S]ection 1203.2a requires an incarcerated probationer to give up the right to appear in court and the right to counsel during the probation revocation and sentencing proceeding. Section 1203.2a provides incentives for giving up the right to a personal appearance and representation by counsel, including, for example, the right to obtain sentencing more quickly than under the speedy sentencing time requirements set forth in section 1381, and the right to have any term of imprisonment imposed thereunder 'commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense.' (§ 1203.2a.)" (*People v. Wagner* (2009) 45 Cal.4th 1039, 1053-1054.)

### B.        Right to Be Present

Defendant contends he had a right to be present at the August 26, 2014 hearing, when the trial court ordered execution of his previously-imposed concurrent three-year prison terms.  Defendant's argument is based on his claim that the hearing held pursuant to section 1203.2a was a "final probation revocation hearing."  Defendant acknowledges that his presence was not statutorily required under section 1203.2a.  He claims instead that he had a constitutional right to be present.

Defendant relies on *People v. Vickers* (1972) 8 Cal.3d 451, which established that a probationer has a due process right to be "heard in person" at a probation revocation hearing.  (*Id.* at p. 459.)  Defendant also cites to *People v. Coleman* (1975) 13 Cal.3d 867 for the proposition that a probationer has the right to be present at a probation revocation hearing, even if the basis for the revocation is a conviction of a new offense, "unless the probationer waives his right to a formal revocation hearing."  (*Id.* at p. 895, fn. 22.)

The Attorney General contends defendant validly waived his presence at the August 26, 2014 hearing, through counsel.  The Attorney General relies primarily on *People v. Dale* (1973) 36 Cal.App.3d 191 (*Dale*), which held that because a probation revocation hearing does not involve all of the fundamental constitutional rights afforded to a defendant at a trial (*id.* at p. 195), a probationer need not "personally waive his [or her] right to present evidence and to confront witnesses against him [or her]" at a probation revocation hearing.  (*Id.* at p. 194.)  *Dale* held that the rights applicable to a contested probation violation proceeding may validly be waived by a probationer's counsel where the matter is submitted on the probation report and the defendant acquiesces by silence.  (*Id.* at p. 195; see also *People v. Martin* (1992) 3 Cal.App.4th 482, 486 [defendant waived the right to a probation revocation hearing "by filing a statement in mitigation which acknowledged that he would be sentenced on all three cases and failing to object at the sentencing hearing either to the sentencing procedure or to the grounds for revocation"].)

8

Defendant points out that in *Dale,* the probationer was physically present in court and acquiesced by silence at the probation revocation hearing when his counsel waived his rights by submitting the matter on the probation report. Here, defendant was not physically present in court, but he similarly acquiesced in having the section 1203.2a proceeding go forward without his presence by sending a written request to his counsel. Although that request is not in the record, defendant's trial counsel offered to provide it to the trial court. Defendant's trial counsel did not indicate that defendant wished to be present at the section 1203.2a proceedings, and the trial court was entitled to "rely upon the representations of defense counsel that [defendant] was knowingly absent from the proceedings. [Citation.]" (*Olney v. Municipal Court* (1982) 133 Cal.App.3d 455, 461, fn. 5.)

Defendant contends his case is analogous to *People v. Bethea* (1990) 223 Cal.App.3d 917 (*Bethea*), in which the probationer was not present at the time the trial court formally revoked probation and imposed sentence. Bethea had pending charges in Nevada at the time he was placed on probation in California. (*Id.* at p. 920.) After he was convicted and sentenced on the Nevada crime, Bethea sent a request for the trial court to " 'make disposition of [his] probation.' " (*Ibid.*) In the request, Bethea asserted that he was not in violation of his probation, since his Nevada crime predated the order of probation. While Bethea remained incarcerated in Nevada, the trial court held a hearing at which it formally revoked probation and imposed a three-year prison sentence. (*Ibid.*) The appellate court reversed, holding that the trial court should not have revoked Bethea's probation without notice and an opportunity for him to appear with counsel. The court distinguished Bethea's request for disposition of his probation from a request under section 1203.2a, which applies to "persons who have been committed to prison for offenses committed *after* being placed on probation." (*Bethea, supra,* at p. 922.) Thus, *Bethea* does not stand for the proposition that a defendant has the right to be present when his or her probation is formally revoked as part of proceedings instituted under

9

section 1203.2a, nor for the proposition that a defendant cannot waive the right to be present through counsel.

In this case, it appears undisputed that defendant committed his Nevada crimes *after* being placed on probation in California, and unlike the *Bethea* defendant, defendant did not assert that he was not in violation of his probation. In fact, defendant effectively admitted his probation violation, by requesting execution of the previously-imposed sentence through counsel. Further, unlike in *Bethea,* defendant was represented by counsel when the trial court formally revoked probation and ordered execution of the previously-imposed sentence.

We conclude that defendant validly waived his right to be present at the section 1203.2a hearing through counsel. But even if there was not a valid waiver of defendant's right to be present at the section 1203.2a proceeding, and that this amounted to federal constitutional error, the error was harmless. "Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonabl-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23 [(*Chapman*)]." (*People v. Davis* (2005) 36 Cal.4th 510, 532.)[3]

First, defendant's absence from the August 26, 2014 hearing was harmless with respect to the trial court's order revoking his probation because "there was no question that [he] had violated the terms of his probation, which included that [he] 'obey all laws.' " It was undisputed that defendant had been convicted of a new crime. Thus,

---

[3] Defendant cites *Hays v. Arave* (9th Cir.1992) 977 F.2d 475 (*Hays*) for the proposition that "proceeding with [his] revocation hearing in his absence was 'structural error' requiring reversal without any showing of prejudice." However, in *Rice v. Wood* (9th Cir. 1996) 77 F.3d 1138, the Ninth Circuit subsequently held that a defendant's absence from the courtroom "was not structural error and is therefore subject to harmless-error analysis" and overruled *Hays* to the extent it was inconsistent with that holding. (*Id.* at p. 1144 & fn. 8.)

beyond a reasonable doubt, defendant's absence "did not contribute to" the trial court's revocation of his probation.  (*Chapman, supra,* 386 U.S. at p. 24.)

Second, defendant's absence from the August 26, 2014 hearing was harmless with respect to the trial court's order that the previously-imposed sentence (two concurrent three-year terms) run consecutively to defendant's Nevada prison term.  Defendant was represented by counsel, who pressed the trial court repeatedly for concurrent sentencing and explained specifically why a concurrent sentence would be a deterrent to his future criminality.  Defendant claims that he "might have offered additional details about the Nevada crime or his adjustment in prison or other personal circumstances that might have persuaded the court to impose concurrent time."  Defendant offers no suggestion as to what details or circumstances would have supported imposition of a concurrent sentence, however.  On this record, beyond a reasonable doubt, defendant's absence "did not contribute to" the trial court's order of a consecutive sentence.  (*Chapman, supra,* 386 U.S. at p. 24.)

## IV.    DISPOSITION

The judgment is affirmed.

11

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.