Filed 4/27/21  P. v. Williams CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br>v.<br>TRACY JOLEEN WILLIAMS,<br><br>       Defendant and Appellant. | A158917<br><br><br><br>(Humboldt County<br>Super. Ct. No. CR091869DS) |

Defendant Tracy Williams, who was charged with murder but pleaded guilty to voluntary manslaughter, appeals an order denying her Penal Code section 1170.95[1] petition for resentencing.  The trial court erred by finding section 1170.95 unconstitutional.  However, because a conviction for voluntary manslaughter is ineligible for resentencing under section 1170.95, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2009, defendant was charged with murder (§ 187, subd. (a)) which occurred while she engaged in an attempted robbery (§ 190.2, subd. (a)(17)).  Pursuant to a negotiated disposition, defendant pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) and one count of first degree robbery (§ 211).  She admitted a personal firearm use enhancement

---

[1] Undesignated statutory references are to the Penal Code.

1

(§ 12022.5, subd. (a)) and that she acted in concert with two or more individuals (§ 213, subd. (a)(1)(A)). The court sentenced her to 23 years in state prison.

While defendant was serving her sentence, the Legislature enacted Senate Bill No. 1437 (SB 1437) to restrict "the circumstances under which a person can be liable for murder under the felony-murder rule or the natural and probable consequences doctrine. (Stats. 2018, ch. 1015.)" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 (*Lamoureux*).) It amended sections 188 and 189, relating to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); §§ 188, subd. (a)(3), 189, subd. (e).) The legislation also established a procedure for vacating prior convictions for felony murder or murder under the natural and probable consequences theory that do not fulfill these amended criteria. (§ 1170.95, subds. (a), (c), (d)(1).)

Shortly after the legislation was enacted, defendant filed a section 1170.95 petition for resentencing. On the record, the trial court found that the defendant made a prima facie showing that she was entitled to relief.[2] In the actual order, the trial court dismissed the petition after concluding section 1170.95 was unconstitutional—finding it violated the separation of powers doctrine and victims' right to finality of judgments, and it deprived the parties of their right to have a jury trial.

_____

[2] The trial court accepted defendant's argument that she entered "a plea to manslaughter with the idea that the People could pursue first degree murder based on the facts, and that is provided for in Senate Bill 1357."

2

## DISCUSSION

### A. *Section 1170.95 is constitutional.*

At the outset, defendant argues section 1170.95 is constitutional. We agree. The trial court erred by concluding otherwise. (See *People v. Bucio* (2020) 48 Cal.App.5th 300, 313 [§ 1170.95 does not violate right to finality in judgment under Victims' Bill of Rights Act of 2008 because it did not restrict the Legislature from creating postconviction procedures]; *Lamoureux, supra*, 42 Cal.App.5th at pp. 261–263, 267 [SB 1437 does not violate separation of powers doctrine or the petitioner's right to a jury trial].) And the district attorney's additional constitutional challenges have been similarly considered and rejected. (See *People v. Alaybue* (2020) 51 Cal.App.5th 207, 219 [SB 1437 does not violate the separation of powers by giving the prosecutorial power of charge selection to the trial court]; *Lamoureux, supra*, 42 Cal.App.5th at p. 246 [SB 1437 does not violate Proposition 7 or 115].) We follow these decisions and reject the district attorney's contentions.

However, denying the petition was proper. Defendant's conviction for voluntary manslaughter does not qualify for resentencing under section 1170.95. None of defendant's arguments convince us otherwise.

### B. *The court can consider matters of law for the first time on appeal.*

Defendant urges this court to disregard the claim that voluntary manslaughter convictions are ineligible for resentencing under section 1170.95. Defendant argues that the district attorney did not make this argument in the trial court, and defendant invokes the rule that the district attorney may not change theories on appeal. (See *People v. Carr* (1974) 43 Cal.App.3d 441, 444–445.)

However, we find that the issue of whether the defendant made a prima facie showing of eligibility under Penal Code section 1170.95 presents

3

a question of law based on undisputed facts that we may consider for the first time on appeal. (See *People v. Hines* (1997) 15 Cal.4th 997, 1061; Pen. Code, § 1170.95, subd. (a) ["A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" in certain circumstances]; *People v. Flores* (2020) 44 Cal.App.5th 985, 992 [whether persons convicted of voluntary manslaughter are eligible for Pen. Code, § 1170.95 relief is a matter of statutory interpretation, an issue of law].) And contrary to defendant's unsupported assertions, it is not manifestly unjust to consider this new argument. Pursuant to Penal Code section 1252, "the appellate court shall, in addition to the issues raised by the defendant, consider and pass upon all rulings of the trial court adverse to the State which it may be requested to pass upon by the Attorney General." (Cf. Gov. Code, § 68081 [before deciding an issue not initially raised or briefed by the parties, "the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing"].) It is unnecessary to afford supplemental briefing because the defendant's reply brief thoroughly presented her views and responded to the People's one-paragraph argument on the matter. We exercise our discretion to address this issue.

## C. *Convictions Eligible for Section 1170.95 Resentencing*

Defendant argues that petitioners who accepted voluntary manslaughter pleas in lieu of a trial for first degree murder are eligible for resentencing under section 1170.95. When interpreting a statute, we review its plain language, giving the words their ordinary meaning, viewing them in their statutory context, and harmonizing them to give effect to the provision's intended purpose. (*People v. Gonzales* (2018) 6 Cal.5th 44, 50.) After

4

reviewing the statute de novo, we conclude the plain language does not support defendant's argument that she presented a prima facie showing that her voluntary manslaughter conviction is eligible under section 1170.95. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)

Section 1170.95 expressly applies only to petitioners convicted of murder. Subdivision (a) provides, "A person *convicted of felony murder or murder* under a natural and probable consequences theory may file a petition . . . to have the petitioner's *murder conviction* vacated and to be resentenced on any remaining counts" when three specific conditions apply. (§ 1170.95, subd. (a), italics added.) Those are: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

Defendant acknowledges this language appears to limit the class of petitioners eligible for section 1170.95 relief to those convicted of murder. Instead, she argues subdivision (a)(2)'s reference to petitioners who "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" must be read as extending resentencing relief to persons who pleaded guilty to other crimes, including manslaughter. (§ 1170.95, subd. (a)(2).) However, Division Two of this Court in *People v. Paige* (2020) 51 Cal.App.5th 194 (*Paige*) already rejected that argument: "[R]ead in the context of the statute as a whole, considering both its structure

5

and its language, subdivision (a)(2) cannot reasonably be understood to encompass persons who accept a plea offer . . . for a crime other than murder." (*Id.* at p. 202.) Subdivision (a) limits "who" is entitled to seek relief—a person convicted of felony murder or murder under a natural and probable consequences theory. (*Paige*, at p. 202.) Subdivision (a)(2) further limits the relief sought—"the opportunity to 'file a petition with the court . . . *to have the petitioner's murder conviction vacated.*'" (*Paige*, at p. 202.) Based on the statute's language and structure, "the reference to a person who 'accepted a plea offer' in subdivision (a)(2) must necessarily mean a person who accepted a plea to, *and* was convicted of, first or second degree murder in lieu of a trial at which he could have been convicted of either of those charges." (*Ibid.*, italics added.)

This conclusion is consistent with other appellate court decisions addressing the same issue.[3] (See, e.g., *People v. Turner* (2020) 45 Cal.App.5th 428, 435–436 (*Turner*); *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["The plain language of the statute is explicit; its scope is limited to murder convictions"].) And contrary to defendant's assertions, this construction does not render the language in section 1170.95, subdivision (a)(2) superfluous. (See *People v. Sanchez* (2020) 48 Cal.App.5th 914, 919 ["Specifying that section 1170.95 applies to murder convictions both by trial and by guilty plea clarifies that it does not matter how the murder conviction was obtained for section 1170.95 to apply"].) The express statutory language demonstrates defendant's voluntary manslaughter conviction is ineligible for section 1170.95 resentencing.

---

[3] We note that the California Supreme Court granted review of a related question of whether SB 1437 applies to defendants convicted of attempted murder. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175.)

**D.** *Senate Bill No. 1437's Legislative Purpose*

Defendant argues that precluding persons convicted of voluntary manslaughter convictions is contrary to the Legislature's intent in enacting SB 1437 and would lead to absurd results. (*Turner, supra*, 45 Cal.App.5th at pp. 438–439 [courts may disregard a statute's plain language if it contravenes the Legislature's intent or results in absurd consequences].) We disagree.

Citing SB 1437's uncodified findings, defendant claims the Legislature intended to " 'more equitably sentence offenders in accordance with their involvement in *homicides*,' " not only murders. (Stats. 2018, ch. 1015, § 1, subd. (b), italics added.) However, those same findings go on, noting the Legislature was "amend[ing] the felony murder rule and the natural and probable consequences doctrine, *as it relates to murder*, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added.) This purpose does not extend to the crime of voluntary manslaughter. (See *People v. Shiga* (2019) 34 Cal.App.5th 466, 476 [" 'if the Legislature meant to define only one offense, we may not turn it into two' "].)

This construction does not produce absurd results or unfairly exclude petitioners with voluntary manslaughter convictions from the benefits of section 1170.95 resentencing. Punishments for manslaughter—a determinate sentence of 3, 6, or 11 years in prison—are already less than those imposed for first degree murder—possibility of 25 years to life. (*Turner, supra*, 45 Cal.App.5th at p. 439 [citing § 193, subds. (a)–(b)]; § 190, subd (a).) Thus, "[p]roviding relief solely to defendants convicted of *murder* under a felony-murder or natural and probable consequences theory does not

7

conflict with the Legislature's stated objective to make 'statutory changes to more equitably sentence offenders in accordance with their involvement in homicides.'" (*Turner*, at p. 439.) By pleading guilty to manslaughter, defendant may *now* be in a worse position than if she were convicted of first degree murder. (§ 193, subd. (a).) In those latter circumstances, she would have been eligible for section 1170.95 resentencing. However, given defendant's conviction for voluntary manslaughter, "we are constrained to conclude Senate Bill 1437 does not provide [defendant] an avenue for relief." (*Turner, supra*, 45 Cal.App.5th at p. 441.) None of defendant's additional arguments alter that conclusion.

We further reject defendant's claim that the rule of lenity applies here—"courts must resolve doubts as to the meaning of a statute in a criminal defendant's favor . . . ." (*People v. Avery* (2002) 27 Cal.4th 49, 57.) As discussed, section 1170.95's text is clear and there is no doubt of its meaning. (See *People v. Anderson* (2002) 28 Cal.4th 767, 780 [rule of lenity applies "only if two reasonable interpretations of the statute stand in relative equipoise"].)

## E.    *Equal Protection*

Finally, denying persons who pleaded guilty to voluntary manslaughter offenses the benefits of section 1170.95 resentencing does not violate their rights to equal protection, contrary to defendant's claims.

The "requirement of equal protection ensures that the government does not treat a group of people unequally without some justification." (*People v. Chatman* (2018) 4 Cal.5th 277, 288 (*Chatman*); U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).) "We first ask whether the state adopted a classification affecting two or more groups that are similarly situated in an unequal manner. [Citation.] If we deem the groups at issue similarly

8

situated in all material respects, we consider whether the challenged classification ultimately bears a rational relationship to a legitimate state interest." (*Chatman*, at p. 289.) Defendant fails to fulfill either requirement.

Contrary to defendant's assertions, persons who pleaded guilty to voluntary manslaughter are not similarly situated to those convicted of first degree murder. (*People v. Cervantes, supra*, 44 Cal.App.5th at p. 888 [generally, " 'offenders who commit different crimes are not similarly situated' for equal protection purposes," and manslaughter and murder are different crimes carrying different punishments].) Nor has defendant demonstrated the absence of "rational basis for the unequal treatment. . . ." (*Chatman, supra*, 4 Cal.5th at p. 289.) The Legislature focused "on the unfairness of the felony murder rule," and it "could reasonably decide that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the felony murder rule could be excessive and reform was needed only there." (*Cervantes, supra*, 44 Cal.App.5th at p. 888.)

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

9

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Wiseman, J.*


A158917/*People v. Tracy Joleen Williams*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10