Filed 4/30/26  P. v. Nguyen CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANH DUOC NGUYEN,<br><br>    Defendant and Appellant. | G065301<br><br>(Super. Ct. No. 07WF1586)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, A. Natasha Cortina and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Anh Duoc Nguyen was convicted by a jury on five counts of attempted premeditated murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a)),[1] and one count each of shooting at an occupied vehicle (§ 246) and active participation in a criminal street gang/street terrorism (§ 186.22, subd. (a)). Nguyen committed the crimes in June 2007, when he was 17 years old. He received a total sentence of 40 years to life in prison. This court affirmed his conviction on direct appeal. (*People v. Nguyen* (Mar. 18, 2013, G046378) [nonpub. opn.].)

Under section 1170, subdivision (d)(1)(A), (section 1170(d)(1)(A)), a defendant sentenced to life without the possibility of parole (LWOP) may seek recall and resentencing after being incarcerated for 15 years if they were under 18 years of age at the time of the crime. Nguyen filed a petition for resentencing under section 1170(d)(1)(A). The trial court denied the petition, finding Nguyen was statutorily ineligible for relief because his sentence was not the functional equivalent of an LWOP sentence. For the first time on appeal, Nguyen argues section 1170, subdivision (d), violates equal protection principles as applied because the Legislature lacked a rational basis to exclude all non-LWOP juvenile offenders from the recall and resentencing procedure. Exercising our discretion to consider the issue despite it not having been raised below, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

We summarized the facts of the crime in our prior opinion and need not recite them again here. (*People v. Nguyen*, *supra*, G046378.) Nguyen was charged with and convicted of the following counts: attempted murder with premeditation (§§ 664, subd. (a), 187, subd. (a); counts 1-5); shooting at

---

[1] All undesignated statutory references are to the Penal Code.

an occupied motor vehicle (§ 246; count 6); and street terrorism by engaging in unlawful criminal gang activity (§ 186.22, subd. (a); count 7). The jury also found true sentencing enhancement allegations, including personal discharge of firearm causing great bodily injury (§ 12022.53, subd. (d)) and personal use of a firearm (§ 12022.5, subd. (a)).

The trial court sentenced Nguyen to a total of 40 years to life in prison.

In January 2025, Nguyen filed a petition for recall and resentencing under section 1170(d)(1)(A). Nguyen argued his sentence was the functional equivalent of an LWOP sentence and thus violated the United States Constitution's Eighth Amendment prohibition against cruel and unusual punishment.

The trial court denied the petition, finding Nguyen would become eligible for parole no later than at age 57, meaning his sentence was not the functional equivalent of LWOP. Nguyen timely appealed.

DISCUSSION

On appeal, Nguyen argues the recall and resentencing procedure under section 1170, subdivision (d), violates equal protection guarantees under both the state and federal constitutions because there was no rational basis for the Legislature to have given juvenile offenders sentenced to LWOP an avenue for resentencing that was not available to those given non-LWOP sentences. The Attorney General notes this constitutional challenge was not raised by Nguyen below and urges us to find it forfeited.

We exercise our discretion to consider Nguyen's equal protection challenge because it involves a pure question of law applied to undisputed facts. (See *People v. Carr* (1974) 43 Cal.App.3d 441, 444–445; *People v. Heard* (2022) 83 Cal.App.5th 608, 626–627 (*Heard*).)

## I.

### STANDARD OF REVIEW

As Nguyen raises an issue of constitutional law and statutory interpretation, we review his argument de novo. (See *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1257, review granted Sept. 17, 2025, S292070.) "Where, as here, the challenged law is not based on a suspect classification and does not burden fundamental rights, the law denies equal protection 'only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose.' [Citations.] Under rational basis review, we presume a classification in a statute is rational until the party challenging it establishes there is no conceivable rational basis for the unequal treatment." (*People v. Sorto* (2024) 104 Cal.App.5th 435, 442.)

"[W]hen plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*People v. Hardin* (2024) 15 Cal.5th 834, 850–851.)

## II.

### SECTION 1170(D)(1)(A) DOES NOT VIOLATE EQUAL PROTECTION GUARANTEES BECAUSE THE LEGISLATURE HAD A RATIONAL BASIS FOR MAKING THE PROCEDURE AVAILABLE ONLY TO JUVENILE OFFENDERS SENTENCED TO LWOP OR ITS FUNCTIONAL EQUIVALENT

"[S]ection 1170 . . . provides a statutory procedure by which defendants whose LWOP sentences were validly imposed may seek to recall

4

such sentences by making the requisite statutory showing." (*In re Berg* (2016) 247 Cal.App.4th 418, 441, italics omitted.)

Nguyen argues there was no rational basis for the Legislature to make the section 1170 procedure available only to juvenile offenders explicitly sentenced to LWOP, excluding other juvenile offenders. He observes that juvenile LWOP offenders may petition for relief under section 1170, subdivision (d), after 15 years of incarceration, instead of having to wait 25 years for a youthful offender parole hearing under section 3051 as a non-LWOP juvenile offender. He further argues that juvenile LWOP offenders may have their sentences recalled, thus requiring the trial court to consider all ameliorative changes in the law since the original sentencing; this potential for a reduced sentence is not available to Nguyen. Finally, he argues that the section 1170 recall procedure allows a juvenile LWOP offender to obtain a transfer hearing under Welfare and Institutions Code section 707 since the sentence will no longer be final.[2]

The Attorney General argues in opposition that resentencing is not guaranteed to LWOP offenders, so section 1170(d)(1)(A) does not necessarily benefit them. Additionally, the Attorney General identifies

---

[2] This could be significant to Nguyen because he was charged in 2007 in adult criminal court rather than juvenile court. "In November 2016 . . . the electorate passed Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Proposition 57). Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct . . . a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult. (See Welf. & Inst. Code, § 707, subd. (a).)" (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303.)

several differences between LWOP and non-LWOP offenders. LWOP offenders cannot advance their parole date using conduct credits and may experience differences in their terms of confinement. "[C]ourts have concluded the Legislature may rationally provide a rehabilitative benefit to a group of offenders who committed more serious crimes, while excluding those convicted of lesser crimes, when the less culpable group may have other avenues for relief." (*People v. Thompson* (2025) 112 Cal.App.5th 1058, 1080, review granted Sept. 24, 2025, S292540 (*Thompson*); see *People v. Chatman* (2018) 4 Cal.5th 277, 294–295; *In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1329.)

We begin by acknowledging that "rational basis review is a deferential standard. . . . [and] ""[w]hen conducting rational basis review, we must accept any gross generalizations and rough accommodations that the Legislature seems to have made.' [Citation.] 'A classification is not arbitrary or irrational simply because there is an ""imperfect fit between means and ends"' [citations], or "because it may be 'to some extent both underinclusive and overinclusive.""" [Citation.]'" (*Thompson*, *supra*, 112 Cal.App.5th at pp. 1077–1078, rev. granted.)

In *Thompson*, the offender committed murder at the age of 17 and was sentenced to 50 years to life in prison. (*Thompson, supra,* 112 Cal.App.5th at p. 1062, rev. granted.) In *People v. Baldwin* (2025) 113 Cal.App.5th 978 (*Baldwin*), the offender was sentenced to 44 years to life for aggravated sexual assault committed when he was 16 years old. (*Id.* at p. 983.) Both Thompson and Baldwin appealed the denial of their section 1170 petitions on equal protection grounds, and in both cases, the appellate court affirmed, concluding there was a rational basis for the Legislature to

6

restrict the procedure to those sentenced to LWOP. (*Thompson*, at p. 1062; *Baldwin*, at p. 985.)

The appellants in *Thompson* and *Baldwin* both asserted that their sentences were the functional equivalent of LWOP. (*Thompson, supra*, 112 Cal.App.5th at p. 1071, rev. granted; *Baldwin, supra*, 113 Cal.App.5th at p. 986.) The issue of whether offenders sentenced to the functional equivalent of LWOP may petition under section 1170 is currently under review by the California Supreme Court. (See *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828 (*Munoz*).) The high court granted review in *Thompson* based on the issue presented in *Munoz*.

Here, Nguyen concedes that, at least for Eighth Amendment purposes, his sentence does not constitute the functional equivalent of LWOP under *People v. Franklin* (2016) 63 Cal.4th 261. Pursuant to section 3051, Nguyen will be eligible for a youthful offender parole hearing after 25 years of incarceration. Thus, the crux of Nguyen's appeal is that section 1170 unfairly excludes him even though his offense was less egregious than an LWOP offender's, and his prison term is shorter .

Pending any guidance from the California Supreme Court, we conclude, as did *Thompson* and *Baldwin*, that the limitation of section 1170(d)(1)(A) to juvenile LWOP offenders survives rational basis review. "[T]he legislative history of [the legislation enacting the procedure] indicates that while *Graham* [*v. Florida* (2010) 560 U.S. 48] violations and cruel or disproportionate sentences imposed on juveniles were the Legislature's general considerations in enacting section 1170[, subdivision ](d), it was expressly concerned about juveniles being sentenced to *die* in prison."

(*Thompson, supra*, 112 Cal.App.5th at p. 1075, rev. granted.)[3] After conducting a lengthy analysis of this history, the *Thompson* court concluded "the Legislature's concern" in enacting the section 1170 procedure, "was not merely excessive punishment of juveniles that failed to take into consideration their capacity for change, or even lengthy sentences. Instead, a specific goal was to provide an opportunity for juvenile offenders whose sentences ensured they would die in prison." (*Thompson,* at p. 1076.)

Additionally, the *Thompson* court stated, "[a]t the time of enactment, the Legislature could reasonably consider life without parole to be the most severe and unjust punishment imposed on juvenile offenders," and "could rationally conclude that providing the relatively small number of juvenile offenders otherwise certain to die in prison an opportunity to obtain a lesser sentence was the most pressing priority." (*Id.* at p. 1077.) "*Thompson* also found the legislative history established the Legislature intended to proceed incrementally with respect to addressing the larger problem of excessive punishment for juveniles." (*Baldwin, supra*, 113 Cal.App.5th at p. 997.)

We agree. The Legislature could reasonably have decided to start its incremental approach to sentencing changes by first addressing those juvenile offenders guaranteed to die in prison absent a release mechanism. Section 1170, subdivision (d)'s implementing legislation was passed in August 2012, contemporaneous with the California Supreme Court's decision in *People v. Caballero* (2012) 55 Cal.4th 262, in which the court found that

---

[3] In *Graham v. Florida* (2010) 560 U.S. 48, 74, the United States Supreme Court held that an LWOP sentence for a juvenile nonhomicide offender constituted cruel and unusual punishment under the Eighth Amendment.

functional LWOP sentences for juvenile nonhomicide offenders violated the Eighth Amendment. (See *Thompson, supra*, 112 Cal.App.5th at p. 1064, rev. granted.) Only one year after implementing the section 1170 procedure for LWOP offenders, the Legislature enacted section 3051, creating the youthful offender parole hearing scheme. (*Thompson*, at p. 1065.)[4]

As Nguyen points out, LWOP offenders were originally excluded from the youthful offender parole hearing procedure. The statutory timeline "demonstrates the resentencing provision was intended for juvenile offenders sentenced to explicitly designated [LWOP] terms, with section 3051 initially serving as a complementary provision that provided relief only to other juvenile offenders." (*Heard, supra*, 83 Cal.App.5th at p. 625.) However, section 3051 was amended in 2017 to include most juvenile LWOP offenders. (*Ibid.*) If the Legislature had desired to expand the scope of the section 1170 procedure beyond the LWOP context, it could easily have done so then. The fact it did not suggests that the Legislature remained especially concerned about the possibility of juvenile offenders being sentenced to die in prison.

---

[4] Nguyen will be eligible for a youthful offender parole hearing in 2032, six years from now, when he will be 43 years old.

## DISPOSITION

The postjudgment order is affirmed.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.